UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:17-CR-066 |
| | ) | |
| TOBY JONES | ) | |

## MEMORANDUM OPINION

Now before the Court is the defendant's counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 580], with medical records in support [doc. 585].[1] The United States has responded to the motion, "defer[ring] to the Court's determination whether Jones's immediate release would be consistent with 18 U.S.C. §§ 3553(a) and 3582(c)(1)(A)." [Doc. 587, p. 12]. The defendant has not replied within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion for compassionate release will be granted.

## I. BACKGROUND

In March 2018, this Court sentenced the defendant to a 70-month term of imprisonment for conspiring to distribute methamphetamine. The defendant is presently housed at FCI Forrest City Low with a projected release date of October 24, 2021. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 8, 2021). He moves

---

[1] A prior *pro se* motion for compassionate release [doc. 559] was denied for failure to exhaust administrative remedies. [Doc. 561].

for compassionate release due to the COVID-19 pandemic, heart disease, and his status as an "older adult." [Doc. 580, p. 1, 11].[2]

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and

---
[2] The defendant is age 43.

2

the accompanying application notes. District courts in this circuit have previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but, as of November 20, 2020, are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[3] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

### A. Exhaustion

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 580, Ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, his age, and heart disease. Consistent with § 3582 and the Sixth Circuit's directive, this Court has considered the parties' arguments and the broader facts of this case in light of the pertinent § 3553(a) factors. Pursuant to 18 U.S.C. § 3553(a),

---

[3] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .
. . .

(5) any pertinent policy statement—

   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

At the defendant's prison there are currently three inmates and 29 staff positive for COVID-19, with 740 inmates and four staff having recovered, and no deaths. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 8, 2021). The BOP's SENTRY Report shows that the defendant is categorized physically as Care Level 2. "Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every 6 months. Their medical . . . conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring. Enhanced medical resources, such as consultation or evaluation by medical specialists, may be required from time to time." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Mar. 8, 2021).

The defendant has hypertension. [Doc. 585]. He suffered an acute heart attack in December 2019. [*Id.*]. He was hospitalized and three stents were inserted. [*Id.*]. The defendant again reported chest pain in early May 2020. [*Id.*]. He was then briefly hospitalized in the intensive care unit and was discharged with additional prescriptions including nitroglycerin. [*Id.*].

Persons with coronary artery disease are presently considered to be at increased risk of severe illness from COVID-19, and that risk increases with age. *See* People with Certain

5

Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 8, 2021). The United States concedes that the "Court could thus find that Jones's medical condition constitutes an extraordinary and compelling reason for release in light of the pandemic." [Doc. 587, p. 10]. The Court so finds.

Regarding the nature and circumstances of the present offense and the defendant's history and characteristics, in this case he conspired to distribute more than 50 grams of methamphetamine. [Presentence Investigation Report ("PSR"), doc. 289, ¶ 7]. Specifically, the defendant would distribute resale quantities of methamphetamine supplied by his father. [*Id.*, ¶¶ 7, 9]. The defendant also helped a coconspirator break into the barn of another coconspirator to steal methamphetamine, for which the defendant was compensated with one ounce of the drug. [*Id.*, ¶ 10].

The defendant's criminal history includes alcohol, DUI, and reckless driving convictions. [*Id.*, ¶¶ 32-34]. Additionally, in 2015 he was convicted of methamphetamine possession. [*Id.*, ¶ 35]. There have been five probation violations and/or probation revocations. [*Id.*, ¶¶ 34-35]. The defendant has a record of employment despite a history of methamphetamine abuse. [*Id.*, ¶¶ 49, 51-54]. He does not have a high school diploma. [*Id.*, ¶ 50].

According to the current SENTRY Report, the defendant is a low-security inmate with a projected medium risk of recidivism.[4] The defendant has completed some

---

[4] A brief, hand-completed, form from June 2020 attached to the defendant's motion rates him as having a low risk of recidivism. [Doc. 580, Ex. 1].

6

Case 2:17-cr-00066-RLJ-MCLC   Document 588   Filed 03/10/21   Page 6 of 8   PageID #: 3675

educational and vocational programming and is noted to be making satisfactory progress toward earning his GED. He has incurred one minor disciplinary sanction for being "out of bounds." The defendant is currently enrolled in the BOP's Residential Drug Abuse Program ("RDAP") with a projected completion date of April 27, 2021. [Doc. 587, Ex. 2].

As summarized herein, the Court has considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments raised in the instant motion. The defendant's health constitutes an extraordinary and compelling reason justifying the requested compassionate release. On balance, the Court finds that the defendant's release would be consisted with the 18 U.S.C. § 3353(a) factors.

The methamphetamine distribution in this case undoubtedly caused great harm to the community. Conversely, the defendant is now a low-security inmate who has taken some vocational courses and is making satisfactory progress toward earning his GED. His criminal history is plainly related to alcohol and controlled substances, but during his current incarceration there have been no disciplinary sanctions related to that issue. He has been in the RDAP program since October 2020. It appears that the defendant is putting forth a genuine effort to rehabilitate himself.

The Court would of course *like* for the defendant to finish RDAP and his GED work, but a prison sentence cannot be extended on that basis. *See Tapia v. United States*, 131 S. Ct. 2382 (2011). The Court further recognizes that the defendant's projected release date computation is based on an anticipated completion of RDAP [doc. 587, Ex. 2; 18 U.S.C. § 3621(e)], but under any calculation the defendant has served the majority of his sentence. Further, supervised release conditions relating to substance abuse and GED attainment will

7

Case 2:17-cr-00066-RLJ-MCLC   Document 588   Filed 03/10/21   Page 7 of 8   PageID #: 3676

remain in place during the defendant's four-year term of supervision. [Doc. 366].

The defendant has submitted a proposed release plan. The probation office has investigated that plan and has found it to be acceptable.

Having considered the relevant § 3553(a) factors, the facts of this case, the defendant's history and characteristics, and the arguments of the parties, the Court finds extraordinary and compelling reasons justifying the requested compassionate release. The Court further concludes that continued incarceration would not serve the goals of sentencing as set forth in the § 3553(a) factors.

### III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 580] will be granted. An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge